UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTHIAN VIERA HERRERA, | No. 1:26-cv-03646-DAD-CKD (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| WARDEN CALIFORNIA CITY CORRECTIONAL CENTER, | |
| Respondent. | (Doc. Nos. 1, 2) |

On May 12, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) On May 12, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)

On May 13, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent concedes that there are no material legal differences between this case and the cases identified in the court's order. (*Id.* at 1–2.) Respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)

1

(*id.* at 1–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent also states in its opposition that it does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (Doc. No. 6 at 1.)

Based upon a review of the briefing, the court finds the following facts. On April 5, 2022, petitioner entered the United States, encountered immigration authorities, and was released on parole by those authorities. (Doc. No. 1 at 4–5.) On February 18, 2026, petitioner was re-detained by immigration authorities during an encounter at a probation office in Hillsborough County, Florida. (Doc. No. 6-1 at 2.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected as noted above. Respondent also argues that this case is distinguishable because he was charged with "several fraud related offenses, placed on probation, and then seemingly violated that probation."[1] (Doc. No. 6 at 2.) However, respondent does not explain how these purported criminal charges compel a different result than in *Ayala Cajina*, where the petitioner similarly faced criminal charges from several months prior to re-detention by immigration authorities. *Ayala Cajina*, 2025 WL 3251083, at *1. Moreover, respondent does not identify an alternative statutory basis that would justify immigration detention on this basis. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

/////

---

[1] Respondent's evidence reflects that adjudication was withheld as to a single fraud charge on March 7, 2024, though it is unclear whether there were other criminal charges and, if so, how those were resolved. (Doc. No. 6-2 at 4–6.) That evidence also reflects a probation violation charge on August 20, 2025 with unknown status and unknown basis. (*Id.* at 7.)

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Cristhian Viera Herrera, A-File No. 240-593-137, from respondent's custody on the conditions, if any, he was subject to prior to his detention on February 18, 2026;

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3